ON MOTION FOR REHEARING
Appellee, Publix Super Markets, Inc., requests reconsideration of our earlier opinion filed on December 6, 1990. We treat this motion for rehearing as a motion for clarification. Attached to the motion were copies of three filings in the circuit court that the appellant, Jerry Lane Rogers, failed to include in the original record on appeal. The record on appeal, examined at the expense of much judicial labor, was a maze of pleadings filed in both the county and the circuit courts. At the expense of additional labor, and because the additional pleadings now furnished to us completely change the complexion of the case, we clarify our original opinion for the sake of the circuit court which could be misled by our original opinion.
The information now supplied to the court causes us to mistrust the completeness of the record before us. However, we are sure that the Sheriff of Orange County, as a fiduciary, retains possession of the funds within the jurisdiction of the court. At least two persons are claimants to the funds — Debra Rogers and her former husband, prison inmate Jerry Lane Rogers. Further, it appears that Publix properly dismissed it counterclaim voluntarily on April 19, 1989, after Jerry Lane Rogers’ counterclaim was dismissed by final judgment on March 16, 1989. We believe that Publix has abandoned its claim to the funds, although we cannot be sure.
Nothing appears in the record before us that requires withdrawal of our earlier af-firmance. In order to eliminate the confusion created in most part by the uncoun-seled communications and pleadings of Debra and Jerry Lane Rogers, we suggest a case management conference after notice to Debra Rogers, Jerry Lane Rogers, Pub-lix, and the Sheriff of Orange County.
Motion GRANTED.